STOWERS, Justice,
with whom MAASSEN, Justice, joins, dissenting.*
This petition for rehearing arises from a case where a neighboring landowner ilegally clear-cut 7O-year-old-growth Sitka Spruce trees from an owner's property. The owner of the clear-cut property brought suit and sought restoration damages in excess of the diminution in value of the land. The owner testified that he had owned the forested property for 83 years; he cherished the beauty of the forest and the birdlife that inhabited it; he treasured the privacy afforded by the large trees; and he planned to build a retirement home on the property. Because these values were destroyed by the removal of the trees, he sought damages sufficient to replace the clear-cut trees with large spruce trees. The owner's two expert arborists testified that it would cost between $160,000 and $620,537 to replace the trees and foliage destroyed by the clear-cutting. The defendants' expert testified that much smaller saplings could be planted for $34,000.
In Osborne v. Hurst, we held that a party may recover restoration costs disproportionate to the diminution in market value so long as that party can prove: (1) an objectively reasonable reason personal and (2) that the added restoration costs are objectively reasonable in light of the established reason personal and the diminution in market value.[1] In reversing the superior court's grant of summary judgment to the defendant in Osborne, we stated that "[t}he issues of whether replacement costs should be awarded and the *579 extent to which such costs might have been reasonable should properly have been left for the jury."[2]
In this case, it is undisputed that the superior court correctly instructed the jury in accordance with our holding in Osborne. The jury, which had received the testimony of the property owner explaining his reason personal and the parties' experts' opinions as to various costs associated with restoring the clear-cut trees, found the owner's reason personal objectively reasonable and awarded the owner $161,000 in restoration costs. The superior court denied the defendants' motion for JNOV. On appeal, a three-justice majority of the court reversed the superior court's denial of the motion for JNOV, concluding that the jury's award of $161,000 was not objectively reasonable, and explaining that the property reasonably could be restored by replacing the old-growth trees with saplings or smaller trees.[3] Two justices dissented on this point, concluding that the superior court correctly instructed the jury on the law (no justice disputes this point) and that the jury's award was within the range of estimates testified to by the parties' experts, and thus the verdiet was supported by the evidence.[4]
The owner petitioned for rehearing, arguing that the court failed to correctly apply the standard of review when an appellate court reviews the denial of a motion for JNOV. In denying that petition today, the court reaffirms its conclusion that no reasonable person could agree with the jury's unanimous finding. It is ironic, then, that the court does not unanimously arrive at this result: two justices-presumably reasonable people-agree that the jury, being properly instructed, reached a reasonable decision that was supported by the properly admitted expert evidence. Because the court misapplied the standard of review and improperly re-weighed the evidence,[5] I would grant the petition for rehearing.
Our limited role in reviewing a JNOV "is not to weigh conflicting evidence or judge the credibility of witnesses, but rather to determine whether the evidence, when viewed in [the] light most favorable to the non-moving party, is such that reasonable persons could not differ in their judgment." [6] And because the jury was properly instructed, "the only evidence that should be considered is the evidence favorable to the non-moving party."[7] Although this court was required to view the evidence in the light most favorable to the plaintiff, it focused exclusively on the defense expert's testimony, ignoring other conflicting expert testimony and ignoring the mandate to only consider "evidence favorable to the non-moving party."[8] In considering only the Wiersums' evidence, the court actually viewed the evidence in the light least favorable to Harder.
The jury, in its role as fact-finder, weighed and rejected the defense expert's testimony. Instead of abiding by the jury's decision, the court re-weighed the evidence, explaining that "[the record shows that Harder's property could be reasonably restored by replacing at least some of the mature Sitka Spruce with saplings or small trees."[9] In essence, the court imposed its own value judgment that planting large trees was unreasonable, based exclusively on the defense expert's testimony. The court cannot properly invalidate the jury's finding simply because there was another solution it found more satisfactory.
The Wiersums clear-cut an entire hillside, and in the process destroyed Harder's dream of retiring to the forested property he had owned for 88 years. Onee the jury found that Harder's reason personal for wanting to *580 restore the forest that the Wiersums wrongly clear-cut was objectively reasonable, the jury was entitled under Osborne to award substantial compensatory damages. Considering that the evidence at trial was that restoration could cost as much as $620,537, the award of $161,000 was a reasonable "middle-ground."
Certainly, reasonable minds can differ on the proper restoration value, but this is the point. Only where reasonable minds cannot differ is it proper for any appellate court to reverse the trial court's denial of a motion for JNOV. In this case, three justices concluded no reasonable person could agree with the jury's verdict; but, critically, two justices and one superior court judge (who, along with the jury, personally heard the trial testimony) concluded that the jury's verdict was within the range of reason. As the court is not in agreement, it is impossible to conclude that no reasonable person could agree with the unanimous panel of jurors. Not only does the court's opinion and decision to deny the petition for rehearing utterly fail to faithfully apply the standard of review, the court im-permissibly substitutes its judgment on what is a purely factual determination and thereby invades the province of the jury. I would grant the petition for rehearing and thus dissent from the order denying the petition.

 Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

. 947 P.2d 1356, 1360 (Alaska 1997).

. Id.

. Wiersum v. Harder, S-14304, 316 P.3d 557, 570, 2013 WL 4500328, at * 11 (Alaska Aug. 23, 2013).

. Id. at 575 (Stowers, J., with Maassen, J., joining, dissenting).

. Id.

. Heynen v. Fairbanks, 293 P.3d 470, 474 (Alaska 2013) (quoting Korean Air Lines Co. v. State, 779 P.2d 333, 333 (Alaska 1989)) (internal alteration omitted).

. Cameron v. Chang-Craft, 251 P.3d 1008, 1018 (Alaska 2011).

. Id.

. Wiersum, 316 P.3d at 569.